UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ALYSHA NOELLE COOK, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-85-JD-MGG |
| ANDREW HOLCOMB, MARY LOFTUS, and MARSHALL COUNTY STAFF | |
| Defendants. | |

OPINION AND ORDER

Alysha Noelle Cook, a prisoner without a lawyer, filed an amended complaint alleging she did not receive proper treatment for Covid-19 at the Marshall County Jail. ECF 12. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Cook, a pre-trial detainee, alleges she tested positive for Covid-19 on May 28, 2021, but was not seen by a nurse until June 2, 2021. During those five days (which included the Memorial Day Weekend), she alleges she told numerous guards she was

having difficulty breathing and asked for medication, including Tylenol. In response she was told to fill out a medical request slip.

Cook names three defendants. Defendant "Marshall County Staff" is the equivalent of "John Doe" a defendant, but "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). Defendant Andrew Holcomb is described as the Chief Jailer, but is not alleged to have been personally involved. There is no supervisory liability under 42 U.S.C. § 1983. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Defendant Nurse Mary Loftus is merely alleged to have told Cook, "That is not acceptable from jailer staff." ECF 12 at 2. This complaint does not state a claim against any of the named defendants.

Cook does not name a guard with whom she spoke during the five days in question, but even if she did, this complaint would still not state a claim.

> [T]o prevail on a claim alleging unconstitutional conditions of pretrial confinement, the plaintiff must prove three elements: (1) the conditions in question are or were objectively serious (or if the claim is for inadequate medical care, his medical condition is or was objectively serious); (2) the defendant acted purposefully, knowingly, or recklessly with respect to the consequences of his actions; and (3) the defendant's actions were objectively unreasonable—that is, "not rationally related to a legitimate governmental objective or ... excessive in relation to that purpose." *Kingsley*, 135 S. Ct. at 2473–74.

*Hardeman v. Curran*, 933 F.3d 816, 827 (7th Cir. 2019).

2

Here, the amended complaint does not provide facts from which it can be plausibly inferred that Cook had an objectively serious medical condition that required immediate attention. She alleges guards could have called a nurse or taken her to medical, but without facts explaining why it was objectively unreasonable for them to have her fill out a medical request form, no guard could be found to have violated her constitutional rights – even if such behavior could be considered unprofessional or lacking in compassion. Neither does the amended complaint explain what injury she suffered as a result of the delay in being seen by the nurse.

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

This complaint does not state a claim for which relief can be granted. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). Cook may file an amended complaint if she can identify a guard whom she can plausibly allege violated her constitutional rights by responding unreasonably to an objectively serious medical need. To file an amended complaint, she needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from her law library. After she properly completes that form addressing the issues raised in this order, she needs to send it to the court.

For these reasons, the court:

(1) GRANTS Alysha Noelle Cook until **December 6, 2021**, to file an amended complaint; and

(2) CAUTIONS Alysha Noelle Cook if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on November 1, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT